TAXIS, D. J.,
— The first account of the trustees under deed of trust dated July 1, 1921, sur trust for The Philadelphia Award, was examined and audited by the court on December 15, 1970.
Edward W. Bok, an outstanding civic leader and philanthropist, by an irrevocable deed of trust dated July 1, 1921, created a trust establishing “The Philadelphia Award,” which has become, in its time, one of the outstanding awards made to distinguished citizens of Philadelphia and its environs.
The trust provides, in parts pertinent, as follows:
“WHEREAS the Founder believes that service to others tends to make lives happy and communities prosperous and that the ideal of service as a test of good citizenship should be kept constantly before the minds of the people of Philadelphia in general and the young in particular; and further believes *113 that this may in some measure be accomplished through the making, under proper conditions, of an annual award in recognition of some service rendered by a resident of Philadelphia or its environs which shall have redounded to the good of the City or its environs.”
The account has been filed by the trustees because no previous account has been filed and the trustees seek confirmation of their administration which spans almost 50 years. In addition and more particularly, however, three petitions have been submitted by the trustees, upon which the court has been asked to rule. The first petition seeks confirmation of an amendment in the deed of trust authorizing the trustees to fix the award at an amount no less than $10,000 and no more than $20,000. The two remaining petitions pertain to certain distribution requirements of private foundations by the Federal Tax Reform Act of 1969.
The corpus of this trust, at its beginning, was approximately $191,000. The account now shows that this trust has grown to a total of principal and income of $517,614.10. The corpus of this trust is made up of the securities set forth on pages 5, 6 and 7 of the account, and cash.
The estate presently before the court is not subject to transfer inheritance tax.
Maurice Heckscher, Esq., Chairman of the Board of Trustees, filed a petition asking the court to confirm an amendment of the trust regarding the discretionary amount of The Philadelphia Award. Item FOURTH of the deed of trust provides that the amount of The Philadelphia Award shall be “the annual net income of the fund to the extent of $10,000.” Petitioner advises the court that the net income of this fund, after payment of expenses, *114 has, in recent years, been substantially in excess of $15,000 and that the excess net income has been accumulated. The trustees’ petition avers, inter alia, as follows:
“5. Although the general purpose of the trust is to make a significant financial award to an outstanding citizen in recognition of services rendered the community, the actual financial significance of the Award has eroded over the years as the purchasing power of the dollar has decreased.
“6. Trustees are of the opinion that the principal of the trust has yielded and can be reasonably expected to continue to yield an annual net income of not less than $10,000 and that an increase in the amount of the Award is within the general spirit and intent of the Settlor.
“7. Item TENTH of the Deed of Trust provides:
“TENTH: The Trustees shall have the discretionary right to modify any of the detailed terms or conditions of the trusts hereby declared provided they are at all times strictly guided by the general spirit and intent of the Foundation.’
“8. Acting under the authority of Item TENTH, the trustees unanimously adopted a resolution dated October 15, 1968, whereby the following paragraph was added to the Deed of Trust:
“ ‘Now and hereafter until such time as this resolution may be rescinded or modified, the amount of the Philadelphia Award in each year in which the Trustees decide to make the award shall be in such amount as the Trustees shall by Resolution determine, provided that said amount in any one year shall be not less than $10,000 nor more than $20,000.’ ”
The authority of the trustees to make modifications to the trust is specifically and expressly *115 included in Item TENTH quoted above. The only limitation which appears to be placed upon that authority is that the modification shall “at all times be strictly guided by the general spirit and intent of the Foundation.” The question is then presented whether or not, when the income from a charitable trust exceeds the amount mentioned in the trust instrument, it is proper and lawful for the trustees to expend the excess income for the purposes of the trust. This problem happens most infrequently. In Scott’s Estate, 28 Dist. 292, a similar question was presented and the court there entered a decree directing that the maximum value of the grants should be increased from $20 each to $800 each, at the discretion of the trustees. See also Peak’s Estate, 56 Montg. 27 (1939). Counsel for the trustees has also called to the court’s attention a rather interesting identical situation reported by Lord Coke in 8 Coke 130, 77 English Reports 671 (1609), known as the Case of Thetford School. In that case, the income from the trust greatly increased and the court there decreed that the excess income should be employed “in performance and increase of the said works of piety and charity instituted and erected by the founder . . .”
The court is satisfied that the request of the trustees is a salutary one, realistic in its philosophy and in accord with the general intent and purpose of this trust and, by decree dated contemporaneously with this adjudication, this amendment is confirmed as requested.
Maurice Heckscher, Esq., Chairman of the Board of Trustees, also filed a petition seeking the court’s confirmation of amendment of the trust relating to distributions of excess income for scholarships to and among those institutions mentioned in para *116 graph FOURTH (IV) of the deed. The pertinent provisions of this petition are important and quoted in full as follows:
“3. . . . , the trustees met ... on October 28, 1970. At this meeting, the trustees were advised by counsel that . . . the trust is subject to serious tax penalties unless the distribution requirements of the Tax Reform Act of 1969 are complied with. Trustees were advised that these distribution requirements will soon exceed the $15,000 per year which trustees are distributing for The Philadelphia Award.
“5. Item FOURTH (IV) provides that ‘In case the trustees shall determine that in the preceding year no act or service worthy of the Award has been done, or rendered, they shall have the right to apply the said $10,000 of the net income of the trust fund for that year to or toward free scholarships for boys and girls resident in Philadelphia, its suburbs or vicinity; such scholarships to be divided at the discretion of the Trustees among the following institutions:
“ ‘University of Pennsylvania
“ ‘The Pennsylvania Museum and School of Industrial Art
“ ‘The Jefferson Medical College of Philadelphia
“ ‘Bryn Mawr College
“ ‘Pennsylvania Academy of The Fine Arts
“ ‘The Settlement Music School
“ ‘The Drexel Institute
“ ‘The National Farm School
“ ‘Pennsylvania School of Horticulture for Women’
“ ‘The trustees shall have the discretionary right to omit some of the institutions above mentioned or to include others if, in their judgment, change of circumstance has made this desirable. The scholar *117 ships or the additions to scholarship funds, as the case may be, shall be designated as derived from The Philadelphia Award. It shall be the duty of the Trustees to request such institution to commend to the recipients or beneficiaries of the scholarships or scholarship funds the spirit of service expressed in this deed,’ naming various educational institutions.
“7. Considering the advice of counsel that the trust will be subject to serious tax penalties unless sufficient distributions are made to comply with the Tax Reform Act, considering Item TENTH quoted above . . . and considering Item FOURTH (IV) which encourages the trustees to be guided not by a strict interpretation of the language of the instrument, but rather by the general spirit of the instrument, trustees determined that they should follow the spirit of Item FOURTH (IV) and award excess income as required by the Tax Reform Act for scholarships for boys and girls resident in Philadelphia, its suburbs or vicinity.
“8. Although Item SIXTH of the Deed of Trust provides that a decision by a majority of the trustees shall have the effect of a decision by all, the trustees considered the aforesaid advice received from counsel so important that acting under the authority of Item TENTH, the trustees unanimously adopted a resolution dated October 28, 1970, whereby the following paragraphs were added to the Deed of Trust:
“ ‘Any excess net income over and above the amount needed to pay The Philadelphia Award in any calendar year may be distributed to or toward free scholarships for boys and girls resident in Philadelphia, its suburbs or vicinity; such scholarships to be divided at the discretion of the Trustees among the following institutions:
“ ‘University of Pennsylvania
*118 “ ‘The Pennsylvania Museum and School of Industrial Art
“ ‘The Jefferson Medical College of Philadelphia
“ ‘Bryn Mawr College
“ ‘Pennsylvania Academy of The Fine Arts
“ ‘The Settlement Music School
“ ‘The Drexel Institute
“ ‘The National Farm School
“ ‘Pennsylvania School of Horticulture for Women’
“ ‘The trustees shall have the discretionary right to omit some of the institutions above mentioned or to include others if, in their judgment, change or circumstances has made this desirable. The scholarships or the additions to scholarship funds, as the case may be, shall be designated as derived from The Philadelphia Award. It shall be the duty of the Trustees to request such institution to commend to the recipients or beneficiaries of the scholarships or scholarship funds the spirit of service expressed in this deed.’
Maurice Heckscher, Esq., has filed a third petition in which he asks the court to confirm the amendment of the trust regarding restrictions required by the Federal Tax Reform Act of 1969. The petition, in parts pertinent, reads as follows:
“3. . . . the trustees met ... on October 28, 1970. At this meeting, the trustees were advised by counsel that the present trust is subject to recent amendments to the Internal Revenue Code which require certain provisions to be included in the governing instrument of the trust in order for the trust to receive the exemption from income tax to which charitable trusts are entitled under the Internal Revenue Code.
“4. Item TENTH of the trust provides that ‘The trustees shall have the discretionary right to modify *119 any of the detailed terms or conditions of the trusts hereby declared provided they are at all times strictly guided by the general spirit and intent of the Foundation.’
“5. Considering the advice of counsel that the trust will be subject to serious tax penalties, unless the amendments required by the Tax Reform Act are made, and considering Item TENTH of the trust which authorizes modification of the detailed terms and conditions of the trust, the trustees determined that they should amend the trust pursuant to the Tax Reform Act of 1969.
“6. Although Item SIXTH of the Deed of Trust provides that a decision by a majority of the trustees shall have the effect of a decision by all, the trustees considered the aforesaid advice received from counsel so important that acting under the authority of Item TENTH, the trustees unanimously adopted a resolution dated October 28, 1970, whereby the following paragraphs were added to the Deed of Trust:
“ ‘Any other provision of this Trust notwithstanding, the Trustees shall:
“ ‘(a) distribute the income of the trust for each taxable year at such time and in such manner as not to become subject to the tax or undistributed income imposed by section 4942 of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent Federal tax laws.
“ ‘(b) not engage in any act of self-dealing as defined in section 4941 (d) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent Federal tax laws; nor retain any excess business holdings as defined in section 4943 (c) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent Federal tax laws; nor *120 make any investments in such manner as to incur tax liability under section 4944 of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent Federal tax laws; nor make any taxable expenditures as defined in section 4945 (d) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent Federal Tax laws.’ ”
These latter two amendments suggested by the last two petitions and relating to the expenditure of excess income are legally necessary under the Tax Reform Act of 1969.
By decrees dated contemporaneously with this adjudication, these two requests are approved and the amendments confirmed as requested.
The court must take a moment to commend the trustees for their careful and prudent administration of this famous trust. The listing of the names of the present trustees and those trustees who have served in the past, all of which have been carefully compiled and set forth in full on pages 1, 2 and 3 of the account, contain the names of prominent Philadelphians, the likes of which no other trust could possibly boast.
Also, a reading of the recipients of The Philadelphia Award from 1921 down to the present also reads like a “Who’s Who of Philadelphia” and the court thinks it appropriate that their names be memorialized in this adjudication as follows:
1921 Leopold Stokowski
1922 Russell H. Con well
1923 Samuel S. Fleisher
1924 Charles C. Harrison
1925 Samuel Yellin
1926 Chevalier Jackson
1927 W. Herbert Burk
1928 Eli Kirk Price
*121 1929 Cornelius McGillicuddy
1930 Paul Philippe Cret
1931 The Unknown Citizen
1932 Earl D. Bond
1933 Lucy L. W. Wilson
1934 Charles M. B. Cadwalader
1935 Francis Fisher Kane
1936 George W. Wilkins
1937 Alfred Newton Richards
1938 Rufus M. Jones, Clarence E. Pickett
1939 Thomas Sovereign Gates
1940 Marian Anderson
1941 No Award Made
1942 William Loren Batt
1943 James M. Skinner
1944 William Draper Lewis
1945 Owen J. Roberts
1946 Marjorie Penney, Maurice B. Fagan
1947 Samuel S. Fels
1948 No Award Made
1949 Frederick H. Allen
1950 Fiske Kimball
1951 Franklin H. Price
1952 Francis Bosworth
1953 George Wharton Pepper
1954 Esmond R. Long
1955 Joseph S. Clark, Jr.
1956 Isidor S. Ravdin
1957 Catherine Drinker Bowen
1958 Helen C. Bailey
1959 Harry A. Batten
1960 AUston Jenkins
1961 Edwin O. Lewis
1962 George W. Taylor
1963 John H. Gibbon, Jr.
1964 Gaylord P. Harnwell
*122 1965 Leon H. Sullivan
1966 Lessing J. Rosenwald
1967 Richardson Dilworth
1968 Marcus A. Foster
1969 Eugene Ormandy
Subject to distributions heretofore properly made, and subject to the views expressed in this adjudication, the net ascertained balances of principal and income are awarded back to the trustees for all the uses and purposes set forth in the deed of trust as amended by appropriate decrees set forth in this adjudication.
Power and authority are given the accountants to make the necessary assignments and transfers of the unconverted investment securities herein awarded in kind.
The account is confirmed, and it is hereby ordered and decreed that the trustees under deed of trust dated July 1, 1921, sur trust for The Philadelphia Award, as aforesaid, forthwith pay the distributions herein awarded.
And now, January 5, 1971, this adjudication is confirmed nisi.